

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,196-02

### EX PARTE WADE JAMES JEFFERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1328031 IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to murder, and was sentenced to sixty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Jefferson v. State*, No. 14-12-00854-CR (Tex. App. – Houston [14th Dist.] November 7, 2013)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance, and that his plea was not knowingly and voluntarily entered as a result of counsel's deficient advice. Applicant alleges

that trial counsel erroneously advised him to plead guilty in order to obtain community supervision from the trial court, although he was not eligible for community supervision due to the nature of the offense. Applicant also alleges that trial counsel was aware that he suffered from mental illness, but did not object to the absence of a psychological evaluation and information about his military service in the pre-sentencing investigation. Applicant alleges that trial counsel failed to investigate or advance an insanity defense, but instead advised him to enter a guilty plea.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant's open plea of guilty was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish